IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02514-RBJ-MEH (consolidated for pretrial proceedings)

DENISE TRAYNOM, and
BRANDON K. AXELROD,

      Plaintiffs,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

Civil Action No. 12-cv-02517-RBJ-MEH

JOSHUA R. NOWLAN,

      Plaintiff,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

Civil Action No. 12-cv-02687-RBJ-MEH

DION ROSBOROUGH,
RYAN LUMBA,
TONY BRISCOE,
THERESA HOOVER,
JON BOIK, next friend of Alexander Boik, and
LOUIS DURAN,

      Plaintiffs,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

Civil Action No. 12-cv-02704-RBJ-MEH

JERRI JACKSON,

      Plaintiff,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

Civil Action No. 12-cv-02705-RBJ-MEH

GREGORY MEDEK, and
RENA MEDEK,

      Plaintiffs,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

Civil Action No. 12-cv-02900-RBJ-MEH

IAN SULLIVAN,

      Plaintiff,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

Civil Action No. 13-cv-00045-RBJ-MEH

CHICHI SPRUEL and
DERICK SPRUEL,

Plaintiffs,

v.

CENTURY THEATRES, INC.,

Defendant.

———————————————————————

Civil Action No. 13-cv-00046-RBJ-MEH

MUNIRIH F. GRAVELLY,

Plaintiff,

v.

CENTURY THEATRES, INC.,

Defendant.

———————————————————————

Civil Action No. 13-cv-00114-RBJ-MEH

LYNN JOHNSON,
MACHAEL SWEENEY,
MALIK SWEENEY, by and through his parents and next friends of Machael Sweeney and Lynn
Johnson,
MALACHI SWEENEY, and
MACHI SWEENEY,

Plaintiffs,

v.

CENTURY THEATRES, INC.,

Defendant.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before me is Defendant's Motion for Protective Order (to Sequence Discovery) [filed May

7, 2013; docket #51]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for disposition [docket #52]. The motion is fully briefed, and I heard oral argument on June 10, 2013. For the reasons set forth below, I **grant in part and deny in part** the motion as follows.

## I.      Background

Although the Plaintiffs are represented by different counsel and bring separate actions against the Defendant, the injuries complained of occurred at the same time and as a result of the same event. Consequently, the allegations raised in the Plaintiffs' pleadings are substantially similar. With the parties' consent, Judge Jackson consolidated the Plaintiffs' actions for pre-trial proceedings.

In the present motion, Defendant seeks a protective order, which essentially modifies the governing Scheduling Order to permit discovery only on the issue of "foreseeability" for a period of 70 days. At the end of that period, the Defendant would file a motion for summary judgment on the issue of "foreseeability" and, if the motion is denied, the parties would proceed to conduct discovery on all remaining issues in the case.

Plaintiffs oppose the motion arguing that Defendant's proposal will actually extend the discovery process, rather than streamline it, will unnecessarily narrow the scope of "foreseeability" and, thus, limit the opportunities to discover relevant information, and will likely result in discovery disputes concerning the definition and scope of "foreseeability." Plaintiffs assert that Defendant has failed to cite good cause for its request and such request will prejudice the Plaintiffs by improperly limiting the scope of discovery. *See* Response, docket #70 at 4 ("Defendant asks this Court to grant them [sic] essentially the ability to selectively withhold discovery in this action that they [sic] alone deem 'relevant' to a limited definition of foreseeability, using discovery sequencing.").

4

Defendant replies that, in his Order on the Motions to Dismiss Plaintiffs' Colorado Premises Liability Act (CPLA) claims, Judge Jackson defined "foreseeability" as it will apply to the Plaintiffs' claims; thus, it is not for the Defendant to do so nor will it do so. Thus, Defendant argues, there should be no dispute as to the scope of Defendant's "knowledge of the 'danger' as defined in the Order." Reply, docket #76 at 4-5. Further, Defendant contends that it seeks neither to exclude evidence as irrelevant nor to prohibit the Plaintiffs from discovering relevant evidence; rather, it seeks only to conduct discovery on "foreseeability" first for the parties' and witnesses' convenience. Also, Defendant asserts that good cause exists for sequencing in this case since protracted and expensive discovery would be avoided if Defendant were to prevail on a first motion for summary judgment. Finally, Defendant claims the Plaintiffs will suffer no prejudice from sequencing since it will cause no duplicative proceedings and the Plaintiffs have not argued they will have insufficient time to conduct discovery if the motion for summary judgment is denied.

## II.   Legal Standard

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir.1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert–Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.; see also Exum v. United States Olympic Comm.,* 209 F.R.D. 201, 206 (D. Colo. 2002).

Rule 26(c) confers broad discretion on the trial court to decide when a protective order is

appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 34 (1984) ("The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."). Rule 26(d) allows the court, "for the parties' and witnesses' convenience and in the interests of justice," to appropriately sequence discovery. Fed. R. Civ. P. 26(d)(2)(A).

## III.   Analysis

First, it is neither necessary nor appropriate for me to determine the proper scope of discovery as to the issue of "foreseeability" in this case to resolve the present motion. Rather, my primary concerns are for efficiency and avoiding delay in this action and, thus, promoting justice. Defendant has not convinced me that sequencing discovery as requested will promote the just, speedy and inexpensive adjudication of this case. Rather, if discovery is limited to one issue and Defendant files a motion for summary judgment on the one issue, the case would be essentially stayed as to all other issues for the period of limited discovery and adjudication of the motion. I perceive no good cause in permitting discovery to be "sequenced" as Defendant proposes.

On the other hand, I read Judge Jackson's Order on the Motions to Dismiss (and, indeed, my own recommendation on those Motions) as recognizing a serious issue as to foreseeability. I believed, as does Judge Jackson, that Plaintiffs ought to be given an opportunity to prove their liability case. I do not believe it just to require Defendant, or the individual Plaintiffs for that matter, to endure the cost and trauma of delving into the personal medical and psychological histories, diagnoses and prognoses of the numerous Plaintiffs as part of the liability analysis. This is a very appropriate situation for sequencing discovery to the extent of handling liability first and damages second. As part of that process, there should be a period of liability discovery, with relevance

defined as broadly as the issues framed in the Complaints, as modified by Judge Jackson's Order on the Motions to Dismiss. It is my intent to permit discovery into all aspects of the liability equation, including Plaintiffs' assertions concerning Century's alleged failure to exercise reasonable care.

I believe that a further status conference is necessary to implement a schedule that endeavors to preserve Judge Jackson's trial date. I wish to work cooperatively with the parties to create such a schedule consistent with counsels' other obligations. Therefore, the parties shall appear in Court on Friday, June 14, 2013 at 10:00 o'clock a.m. in Courtroom A501 on the fifth floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado to discuss this matter.

## IV.    Conclusion

Defendant has failed to meet its burden of demonstrating good cause to permit the requested sequencing of discovery in this case but has established good cause to separate liability discovery from damages discovery. Accordingly, the Court ORDERS that Defendant's Motion for Protective Order (to Sequence Discovery) [filed May 7, 2013; docket #51] is **granted in part and denied in part** as set forth herein.

Ordered this 12th day of June, 2013, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge