IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02514-RBJ-MEH (consolidated for pretrial proceedings)

DENISE TRAYNOM, and
BRANDON K. AXELROD,

      Plaintiffs,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

Civil Action No. 12-cv-02517-RBJ-MEH

JOSHUA R. NOWLAN,

      Plaintiff,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

Civil Action No. 12-cv-02687-RBJ-MEH

DION ROSBOROUGH,
RYAN LUMBA,
TONY BRISCOE,
THERESA HOOVER,
JON BOIK, next friend of Alexander Boik, and
LOUIS DURAN,

      Plaintiffs,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

Civil Action No. 12-cv-02704-RBJ-MEH

JERRI JACKSON,

      Plaintiff,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

Civil Action No. 12-cv-02705-RBJ-MEH

GREGORY MEDEK, and
RENA MEDEK,

      Plaintiffs,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

Civil Action No. 12-cv-02900-RBJ-MEH

IAN SULLIVAN,

      Plaintiff,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

Civil Action No. 13-cv-00045-RBJ-MEH

CHICHI SPRUEL and
DERICK SPRUEL,

      Plaintiffs,

v.

CENTURY THEATRES, INC.,

      Defendant.

————————————————————————

Civil Action No. 13-cv-00046-RBJ-MEH

MUNIRIH F. GRAVELLY,

      Plaintiff,

v.

CENTURY THEATRES, INC.,

      Defendant.

————————————————————————

Civil Action No. 13-cv-00114-RBJ-MEH

LYNN JOHNSON,
MACHAEL SWEENEY,
MALIK SWEENEY, by and through his parents and next friends of Machael Sweeney and Lynn Johnson,
MALACHI SWEENEY, and
MACHI SWEENEY,

      Plaintiffs,

v.

CENTURY THEATRES, INC.,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

      This matter comes before the Court *sua sponte*.  Since the inception of this action, the

nature of the case has resulted in delays that are not customary to the typical civil lawsuit.  In

addition, on May 7, 2013, Defendant filed a Motion for Protective Order to Sequence Discovery. This Motion requested modifying the Scheduling Order to permit discovery only on the issue of "foreseeability" for a period of 70 days.   At the end of that period, the Defendant proposed to file a motion for summary judgment on the issue of "foreseeability" and, if the motion was denied, the parties would proceed to conduct discovery on all remaining issues in the case.   Docket # 51.

Although I did not agree with the scope of Defendant's request, I did agree that separating liability and damages discovery was appropriate and entered an order to that effect on June 12, 2013.   I then held a status conference on June 17, 2013 to solicit from the parties their respective opinions on how much time liability discovery would take.   At that conference Plaintiffs requested a period of 10 months for liability discovery, and Defendants did not disagree.   This length of time is partly due to vacation schedules of both parties' counsel.

For these reasons, I believe a liability discovery deadline of April 14, 2014 is appropriate. Thereafter, the parties should file dispositive motions by May 30, 2014.   These should be fully briefed by July 7, 2014.   I set a status conference for July 31, 2014, at which time I propose to review the status of the case and enter any additional orders governing discovery which are necessary and appropriate.

I am aware, however, that these dates conflict with Judge Jackson's trial date.   At the June 17, 2013 status conference, both parties expressed the opinion that regardless of whether discovery was sequenced or whether it proceeds as normal, the current trial date of May 5, 2014 cannot be met by the parties.   The parties proposed, and I agree, that a trial date in late 2014 or early 2015 is attainable.

For the reasons stated above, the Court respectfully RECOMMENDS that the Trial Preparation Conference set for April 25, 2014, and the trial date set for May 5, 2014, be **vacated** and **reset** as Judge Jackson's calendar permits, and that the case be permitted to proceed using the

4

discovery deadlines outlined herein.   I also recommend, at the parties' request, that Judge

Jackson's July 8, 2013 status conference be vacated, given the substantial change in the status of

the case since that date was set, unless the Court has other reasons for wanting to speak with the

parties.

Respectfully submitted at Denver, Colorado, this 18th day of June, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
U.S. Magistrate Judge