IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02514-RBJ-MEH (consolidated for pretrial proceedings)

DENISE TRAYNOM, and
BRANDON K. AXELROD,

    Plaintiffs,

v.

CENTURY THEATRES, INC.,

    Defendant.
_____

Civil Action No. 12-cv-02517-RBJ-MEH

JOSHUA R. NOWLAN,

    Plaintiffs,

v.

CENTURY THEATRES, INC.,

    Defendant.
_____

Civil Action No. 12-cv-02687-RBJ-MEH

DION ROSBOROUGH,
RYAN LUMBA,
TONY BRISCOE,
THERESA HOOVER,
JON BOIK, next friend of Alexander Boik, and
LOUIS DURAN,

    Plaintiffs,

v.

CENTURY THEATRES, INC.,

    Defendant.

_____

Civil Action No. 12-cv-02704-RBJ-MEH

JERRI JACKSON,

      Plaintiffs,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

Civil Action No. 12-cv-02705-RBJ-MEH

GREGORY MEDEK, and
RENA MEDEK,

      Plaintiffs,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

Civil Action No. 12-cv-02900-RBJ-MEH

IAN SULLIVAN,

      Plaintiff,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

Civil Action No. 13-cv-00045-RBJ-MEH

CHICHI SPRUEL and
DERICK SPRUEL,

      Plaintiffs,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

Civil Action No. 13-cv-00046-RBJ-MEH

MUNIRIH F. GRAVELLY,

      Plaintiff,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

Civil Action No. 13-cv-00114-RBJ-MEH

LYNN JOHNSON,
MACHAEL SWEENEY,
MALIK SWEENEY, by and through his parents and next friends of Machael Sweeney and Lynn Johnson,
MALACHI SWEENEY, and
MACHI SWEENEY,

      Plaintiffs,

v.

CENTURY THEATRES, INC.,

      Defendant.
_____

## PROTECTIVE ORDER
_____

      This matter comes before the Court on the parties' Stipulated Motion for a Protective Order filed September 17, 2013.

The Court, having reviewed the Motion and being otherwise advised in the premises, finds good cause, and does hereby **grant** the parties' Stipulated Motion for a Protective Order and orders as follows:

1. The following information shall be protected from public dissemination:

    a. Photographs of Plaintiff Denise Traynom's injuries;
    b. Medical records of Plaintiff Denise Traynom dated before July 20, 2012;
    c. Medical records of Plaintiffs Chichi Spruel, Derick Spruel, and Munirih F. Gravelly; and
    d. Defendant's Safety and Security Procedures DVD.

2. With respect to items (a)-(c), these photos and medical records are confidential and potentially embarrassing. Item (d) contains proprietary information that could be used to the advantage of Defendant's business competitors. These items are therefore properly subject to a protective order. If the parties later determine that other categories of documents should be subject to this Protective Order, they may seek an amendment from the Court.

3. The information subject to this Protective Order shall be stamped "CONFIDENTIAL" by the disclosing party after a good-faith review by the disclosing party's attorney and prior to production to other parties, and any information so designated shall be included as subject to this Stipulated Protective Order.

4. Information that is marked "CONFIDENTIAL" shall be used solely for the purposes of litigation of the consolidated civil actions identified above. The parties shall be prohibited from disclosing any information from materials marked "CONFIDENTIAL" outside this litigation for any purpose, and shall take steps to ensure the "CONFIDENTIAL" materials are not inadvertently disclosed. In the event additional cases are consolidated into the civil actions identified above, this Stipulated Protective Order shall apply to counsel and parties in those cases.

5. Counsel agree that any information marked "CONFIDENTIAL" shall not be disseminated in any way to any other person or entity for any purpose, with the exception of any person employed by counsel to prepare for or participate in trial of this civil action, or a person expressly retained by counsel for the purposes of testifying or providing expert opinions in this litigation. The dissemination of this information shall be for the sole purpose of actions required for such person to perform his or her assigned tasks in connection with this litigation.

6. With regard to persons to whom "CONFIDENTIAL" information is disclosed pursuant to Paragraph 5, above, counsel shall first obtain a written agreement from any individual to whom this information will be disseminated, that such person shall agree to hold all such information in confidence and agree to the terms and conditions set forth in Exhibit A. Further, each such individual shall agree that they will not reproduce the

information in any form, disseminate the information or divulge the information in any way to any other entity or person for any purpose.

7. Counsel shall each maintain a list of all persons to whom the information marked "CONFIDENTIAL" has been shown or to whom copies of the information has been provided, and counsel shall identify, by BATES number the information provided, and the number of copies provided in that list.

8. A party may object to the designation of particular "CONFIDENTIAL" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of the Protective Order. If such a motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL" under the terms of the Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" and shall not thereafter be treated as "CONFIDENTIAL" in accordance with the Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL."

9. Within thirty (30) days following the conclusion of these actions, counsel shall return to disclosing counsel the original information provided and marked "CONFIDENTIAL" in addition to any copy made of that information, including any notes, extracts, compilations and photocopies, and any deposition referring to the confidential information in any way. Counsel will also provide a certification that there are no remaining unreturned copies of the information marked "CONFIDENTIAL", although counsel receiving the information may retain one copy of the information for purposes of record-keeping only. Prohibitions on the disclosure of information contained within any materials marked "CONFIDENTIAL" shall survive the conclusion of these actions.

10. In the event the information marked "CONFIDENTIAL" is referred to in any deposition or court proceeding, counsel agree that the disclosing counsel may request that the deposition or transcript of court proceeding also be marked "CONFIDENTIAL", and counsel shall not use that portion of the deposition or transcript of other court proceedings for any purpose other than this litigation. Any original depositions filed with the Court or used at trial that contain information marked "CONFIDENTIAL" shall be subject to a Motion to Seal made with the Court, unless otherwise ordered by the Court.

11. This Stipulated Protective Order does not prohibit the use of the information marked "CONFIDENTIAL" as evidence at trial or in pre-trial proceedings. Any disclosure or use of information marked "CONFIDENTIAL" outside the terms of this Stipulated Protective Order requires Court approval; this Stipulated Protective Order does not prohibit

any party from requesting relief from this Protective Order with the Court, should circumstances warrant such a request. However, any counsel using this information marked "CONFIDENTIAL" as a basis for any pleading shall first notify the Court that the information is subject to this Stipulated Protective Order, and request that the Court consider the information to be filed under seal.

Dated at Denver, Colorado this 18th day of September, 2013.

BY THE COURT:

*Michael E. Hegarty*

_____
United States Magistrate Judge