IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02514-RBJ-MEH (consolidated for pretrial proceedings)

DENISE TRAYNOM, and
BRANDON K. AXELROD,

    Plaintiffs,

v.

CENTURY THEATRES, INC.,

    Defendant.

---

Civil Action No. 12-cv-02517-RBJ-MEH

JOSHUA R. NOWLAN,

    Plaintiffs,

v.

CENTURY THEATRES, INC.,

    Defendant.

---

Civil Action No. 12-cv-02687-RBJ-MEH

DION ROSBOROUGH,
RYAN LUMBA,
TONY BRISCOE,
THERESA HOOVER,
JON BOIK, next friend of Alexander Boik,
LOUIS DURAN,
SHIRLEY CLARK,
EVAN FARIS, and
RICHELE HILL,

    Plaintiffs,

v.

CENTURY THEATRES, INC.,

Defendant.

---

Civil Action No. 12-cv-02704-RBJ-MEH

JERRI JACKSON,

    Plaintiffs,

v.

CENTURY THEATRES, INC.,

    Defendant.

---

Civil Action No. 12-cv-02705-RBJ-MEH

GREGORY MEDEK, and
RENA MEDEK,

    Plaintiffs,

v.

CENTURY THEATRES, INC.,

    Defendant.

---

Civil Action No. 12-cv-02900-RBJ-MEH

IAN SULLIVAN, and
ASHLEY MOSER,

    Plaintiffs,

v.

CENTURY THEATRES, INC.,

    Defendant.

---

Civil Action No. 13-cv-00045-RBJ-MEH

2

CHICHI SPRUEL and
DERICK SPRUEL,

    Plaintiffs,

v.

CENTURY THEATRES, INC.,

    Defendant.
───────────────────────────────────────

Civil Action No. 13-cv-00046-RBJ-MEH

MUNIRIH F. GRAVELLY,

    Plaintiff,

v.

CENTURY THEATRES, INC.,

    Defendant.
───────────────────────────────────────

Civil Action No. 13-cv-00114-RBJ-MEH

LYNN JOHNSON,
MACHAEL SWEENEY,
MALIK SWEENEY, by and through his parents and next friends of Machael Sweeney and Lynn Johnson,
MALACHI SWEENEY, and
MACHI SWEENEY,

    Plaintiffs,

v.

CENTURY THEATRES, INC.,

    Defendant.
───────────────────────────────────────

Civil Action No. 13-cv-01842-RBJ-MEH

ZACHARY GOLDITCH,

   Plaintiff,

v.

CENTURY THEATRES, INC.,

   Defendant.

────────────────────────────────────────

Civil Action No. 13-cv-01995-RBJ-MEH

ASHLEY MOSER,

   Plaintiff,

v.

CINEMARK HOLDINGS, INC.,
CINEMARK USA, INC., and
CENTURY THEATRES, INC.,

   Defendants.

────────────────────────────────────────

Civil Action No. 13-cv-02060-RBJ-MEH

JARELL N. BROOKS,

   Plaintiff,

v.

CENTURY THEATRES, INC.,

   Defendant.

────────────────────────────────────────

Civil Action No. 13-cv-02239-RBJ-MEH

KATHLEEN LARIMER, and
SCOTT LARIMER,

   Plaintiffs,

v.

CENTURY THEATRES, INC.,

      Defendant.

───────────────────────────────

Civil Action No. 13-cv-02988-RBJ-MEH

NICK GALLUP,

      Plaintiff,

v.

CENTURY THEATRES, INC.,

      Defendant.

───────────────────────────────

Civil Action No. 13-cv-02992-RBJ-MEH

BROOKE COWDEN,
KRISTIAN COWDEN, and
WESTON COWDEN ,

      Plaintiffs,

v.

CENTURY THEATRES, INC.,

      Defendant.

───────────────────────────────

Civil Action No. 13-cv-03316-RBJ-MEH

STEFAN MOTON,

      Plaintiff,

v.

CENTURY THEATRES, INC.,

      Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before me is Certain Plaintiffs' Partially Opposed Motion to Add Defendants [filed February 17, 2014; docket #153]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for disposition [docket #154]. The matter is fully briefed, and the Court finds oral argument will not assist in the adjudication of the motion. For the reasons that follow, the Court **grants** the motion.

## I.   Background

Although the Plaintiffs are represented by different counsel and bring separate actions against the Defendants, the injuries complained of occurred at the same time and as a result of the same event. Consequently, the allegations raised in the Plaintiffs' pleadings are substantially similar. With the parties' consent, Judge Jackson consolidated the Plaintiffs' actions for pre-trial proceedings.

In this case, the Plaintiffs originally brought their claims against Cinemark USA, Inc., d/b/a Century Aurora 16. Complaint, docket #1. At the Scheduling Conference on November 26, 2012, Judge Jackson consolidated seven cases in which Century Theatres, Inc. was the named Defendant. Docket #27. On April 17, 2013, Judge Jackson granted Defendants' unopposed motion to consolidate an additional three cases for pre-trial proceedings; one case, 13-cv-00114, named both Cinemark USA and Century Theatres, Inc. as Defendants in the case. Docket #49. Then, on May 24, 2013, this Court granted Defendants' partially unopposed motion to substitute Century Theatres, Inc. as the sole Defendant in the case. Docket #68.

However, on October 2, 2013, Judge Jackson granted Defendant's motion to consolidate 13-

cv-01995 into this case; in that case, Plaintiff Moser named Century Theatres, Inc, Cinemark USA, Inc. and Cinemark Holdings, Inc. as Defendants. Docket #94. On November 4, 2013, this Court held a Status Conference at which the parties discussed which entities were properly named as Defendants. Docket #109. The Court allowed Plaintiffs three additional interrogatories and one Rule 30(b)(6) deposition to seek discovery as to this issue. *Id.* Then, on November 22, 2013, this Court granted Plaintiff Moser's motion to intervene in Plaintiff Sullivan's wrongful death claim (12-cv-02900) and approved the proposed Amended Complaint naming only Century Theatres, Inc. as a Defendant in the wrongful death claim. Dockets ##118, 119. Accordingly, Plaintiff Moser's claim under the Colorado Premises Liability Act (CPLA) remains against the three named Defendants.

In the present motion, Plaintiffs assert that through additional discovery they have learned Defendants' corporate policies governing the activities conducted at the subject theater were formulated at the corporate level, and the person who speaks for both Century Theatres, Inc. and Cinemark USA, Inc. is an officer of Cinemark Holdings, Inc., Steve Zuehlke, Vice President of Global Operations. Motion, ¶ 6, docket #153. Plaintiffs contend that, since a landowner under the CPLA includes "a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property," both Cinemark USA and Cinemark Holdings also should be named as Defendants.

Defendants counter that they do not oppose the addition of Cinemark USA as a Defendant, but argue that Cinemark Holdings is merely a holding company playing no role in the control or condition of the subject theater and, thus, is not a landowner under the CPLA.

Plaintiffs reply that Defendants' argument is inconsistent with Mr. Zuehlke's testimony and his counsel's statement during the deposition that Mr. Zuehlke is an officer of Cinemark Holdings and, thus, Defendants' argument simply raises an issue of fact.

The Court has reviewed the motion, briefs and all exhibits and is sufficiently advised.

## II.     Legal Standard

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

## III.    Analysis

Pursuant to Judge Jackson's April 17, 2013 order, the Plaintiffs' claims remaining in this case are for violations of the CPLA and for wrongful death (as applicable for certain Plaintiffs). In the present motion, the Plaintiffs argue only that the two new Defendants are potential "landowners" under the CPLA and mention nothing about their wrongful death claims; therefore, the Court construes the motion as seeking only to add Cinemark USA, Inc. and Cinemark Holdings, Inc. as Defendants to the Plaintiffs' CPLA claims.

Defendants do not argue that Plaintiffs' proposed amendments are either unduly delayed or unduly prejudicial; rather, they argue that the addition of Cinemark Holdings, Inc. as a Defendant is futile since the holding company "cannot" be a "landowner" under the CPLA. However, the Court agrees that Defendants' argument merely raises an issue of fact (to the extent that the deposition testimony and Defendants' argument are inconsistent), which must be determined by a fact finder.

Moreover, in exercising its discretion under Rule 15(a), the Court must consider the

efficiency of proceeding in this matter, particularly in light of the complexity of the claims and the age of the case. *See, e.g., Fluker v. Federal Bureau of Prisons*, No. 07-2426-CMA-CBS, 2009 WL 1065986, at *5 (D. Colo. Apr. 21, 2009) (unpublished). This Court has recently extended the discovery deadlines; thus, there should be sufficient time (if more is needed) for discovery as to this and other issues. Moreover, considering that the denial of a motion to amend is a dispositive issue that may be only ***recommended*** by this Court, proceeding with discovery to a dispositive motion on this issue may, at least, avoid one round of objections under Fed. R. Civ. P. 72(a) or 72(b). Therefore, the Defendants will be better served by awaiting an order by Judge Jackson on any Rule 56 arguments. *See, e.g., General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-1145-DME, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (unpublished).

**IV.     Conclusion**

Plaintiffs have demonstrated that the interests of justice require the addition of Cinemark USA, Inc. and Cinemark Holdings, Inc. as Defendants at this stage of the litigation. Accordingly, the Court ORDERS that Plaintiffs' Partially Opposed Motion to Add Defendants [filed February 17, 2014; docket #153] is **granted**. To ensure a clear record, the Plaintiffs shall file amended pleadings identifying these Defendants in accordance with this order on or before April 4, 2014. The newly added Defendants shall file an answer or other response to the amended pleadings in accordance with Fed. R. Civ. P. 15.

Dated and entered this 28th day of March, 2014, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge