## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-CV-02514-RBJ-MEH

**DENISE TRAYNOM AND BRANDON K. AXELROD (12-CV-02514-RBJ)**
**JOSHUA R. NOWLAN (12-CV-02517-RBJ)**
**DION ROSBOROUGH, RYAN LUMBA, TONY BRISCOE, JON BOIK, next friend of**
**Alexander Boik, LOUIS DURAN, THERESA HOOVER, SHIRLEY CLARK, EVAN**
**FARIS, RICHELE HILL, AND DAVID WILLIAMS (12-CV-02687-RBJ)**
**JERRI JACKSON (12-CV-02704-RBJ)**
**GREGORY MEDEK and RENA MEDEK (12-CV-02705-RBJ)**
**IAN SULLIVAN (12-CV-02900-RBJ)**
**CHICHI SPRUEL and DERICK SPRUEL (13-CV-00045-RBJ)**
**MUNIRIH F. GRAVELLY (13-CV-00046-RBJ)**
**LYNN JOHNSON, MACHAEL SWEENEY, MALIK SWEENEY by and through his**
**parents and next friends MACHAEL SWEENEY and LYNN JOHNSON, MALACHI**
**SWEENEY AND MACHI SWEENEY (13-CV-00114)**
**ZACKARY GOLDITCH, (13-cv-01842)**
**ASHLEY MOSER (13-CV-01995)**
**JARELL N. BROOKS (13-CV-02060)**
**KATHLEEN and SCOTT LARIMER (13-CV-2239)**
**BROOKE COWDEN, KRISTIAN COWDEN, and WESTON COWDEN (13-CV-2992)**
**NICK GALLUP (13-cv-2988)**
**STEFAN MOTON (13-CV-3316)**
**ALLEEN YOUNG (14-CV-1729)**
**CHANTEL L. BLUNK, MAXIMUS T. BLUNK, and HAILEY M. BLUNK (14-CV-1923)**
**JAMISON TOEWS (14-CV-1976)**
**MARCUS WEAVER (14-CV-1986)**

        Plaintiffs,

   v.

**CINEMARK HOLDINGS, INC., a Delaware Corporation; CINEMARK USA, INC., a**
**Texas corporation; and CENTURY THEATRES, INC., a California corporation,**

        Defendants.

---

### DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR
### DESIGNATION OF NONPARTIES AT FAULT

---

## Certificate of Conferral Pursuant to D.C.COLO.L.Civ.R 7.1

Century has attempted to confer with all Plaintiffs' counsel pursuant to D.C.COLO.L.Civ.R 7.1 regarding this Motion.

Thomas Tasker, attorney for Plaintiff Ashley Moser, and Sandra Hagen, attorney for Plaintiffs Evan Faris, Richele Hill, Dion Rosborough, Ryan Lumba, Tony Briscoe, Jon Boik, and Louis Duran, have indicated their clients do not oppose this motion provided that Defendants submit the Certificate of Review required under C.R.S. § 13-20-602.

Shaun Kaufman, attorney for Plaintiffs Lynn Johnson, Michael Sweeney, Malik Sweeney, Malachi Sweeney, and Machi Sweeney, has indicated his clients do not oppose this motion.

Christina Habas, attorney for several of the Plaintiffs, has indicated her clients take no position one way or the other on the motion.

Defendants have not received a response from counsel for the remaining Plaintiffs, and therefore Defendants are not aware of any position those Plaintiffs may have on the Motion.

## DISCUSSION

Pursuant to C.R.S. § 13-21-111.5(3)(b), Defendants Cinemark Holdings, Inc., Cinemark USA, Inc., and Century Theatres, Inc. (collectively, "Century") respectfully move this Court to enter an order permitting them leave to amend their previous designation of nonparties at fault by designating Dr. Robert Feinstein as an additional nonparty at fault.  In support of this motion, Century states as follows:

1.     C.R.S. § 13-21-111.5(3)(b) expressly allows for an extension of time for nonparty designations.  It provides that the "[n]egligence or fault of a nonparty may be considered … if the defending party gives notice that a nonparty was wholly or partially at fault within ninety

days following commencement of the action unless the court determines that a longer period is

necessary." This statutory allowance for an extension based on necessity recognizes that "[t]he

natural course of litigation may prevent a defendant from developing a well-founded designation

until after the 90-day period has run." *Watters v. Pelican Int'l, Inc.,* 706 F.Supp. 1452, 1457

(D.Colo. 1989). Where a late filing of a nonparty designation is made early in the discovery

process and well before the trial date, courts provide more latitude in exercising their discretion

in favor of allowing the designation. *Antolovich v. Brown Group Retail, Inc.,* 183 P.3d 582, 592-

93 (Colo. App. 2007) (affirming the trial court's sound exercise of its discretion in accepting

nonparty designations that were made several months after the original 90-day deadline).

2.     Dr. Feinstein is a licensed medical professional; specifically, a psychiatrist. He

was Dr. Lynne Fenton's supervisor. Dr. Fenton treated James Holmes prior to Mr. Holmes' July

20, 2012 assault. Century timely designated her as a nonparty at fault. Dr. Feinstein also treated

Mr. Holmes.

3.     Because Dr. Feinstein is a licensed medical professional, Century is required to

file a Certificate of Review in support of its designation of Dr. Feinstein as a nonparty at fault.

*See* C.R.S. § 13-20-602. This Certificate of Review is attached as Exhibit A.

4.     Century and its retained licensed medical professional learned the facts showing

substantial justification for allegations of negligent conduct by Dr. Feinstein at the recent

criminal trial of James Holmes. A gag order prevented the parties from learning some or all of

those facts before the criminal trial (the penalty phase of the criminal trial ended on August 7,

2015, and the sentencing hearing begins on August 24, 2015). The evidence disclosed during the

course of the criminal trial established the scope of Dr. Feinstein's treatment of James Holmes.

It included, among other details, that Dr. Feinstein directly participated in two psychiatric

sessions with Mr. Holmes and Dr. Fenton (on May 31 and June 11, 2012) and had read Dr. Fenton's notes from her previous appointments with Mr. Holmes. The evidence also included that Dr. Feinstein had some involvement in Dr. Fenton's decision to contact the University of Colorado Behavioral Evaluation and Threat Assessment team. And, like Dr. Fenton, Dr. Feinstein was aware Mr. Holmes was homicidal, but did not seek an involuntary commitment/72-hour hold for Mr. Holmes.

5.      C.R.S. § 13-21-111.5(3)(b), with its 90-day from the commencement of the action time period and its express allowance for extension of that period, often creates a dilemma for litigants. For a plaintiff, a nonparty designation near or after the close of discovery and close to trial prevents or compromises the ability to meet the claim of third party culpability at trial. For a defendant, the combination of the statutory provision's requirement to provide the "basis for believing such nonparty to be at fault" and the C.R.C.P. 11 mandate that a court filing shall be "well grounded in fact" discourages early or premature third party or nonparty designations. This is especially so in the case of a third party or nonparty designation of a licensed medical professional, because C.R.S. § 13-20-602 requires a Certificate of Review stating that another licensed medical professional has conducted a review of the available records and concluded that the nonparty designation of fault does not lack substantial justification.

6.      Fortunately, in this case, this dilemma is absent because there is no viable claim of harm or prejudice to the Plaintiffs from the relief sought by this Motion. Facts in support of the allegations of fault against Dr. Feinstein and previously-designated nonparty at fault Dr. Fenton both involve the psychiatric treatment of Holmes; discovery is at an early stage; and trial is approximately 11 months away. *See* the quote from *Watters* in paragraph 1 above. Further, there is no viable claim that Century was dilatory in designating Dr. Feinstein as a nonparty at

fault, as they only learned the facts establishing substantial justification for such designation at Mr. Holmes' criminal trial, which resulted in a jury sentence of Life Imprisonment Without the Possibility of Parole on August 7, 2015.  In sum, because there is good and justifiable cause for the relief sought by this Motion, Century respectfully urges this Court to exercise its sound discretion in favor of providing Century leave to designate Dr. Feinstein as an additional nonparty at fault.

WHEREFORE, Century respectfully moves this Court to enter an order granting this motion and permitting it leave to amend its previous designation of nonparties at fault by designating Dr. Feinstein as an additional nonparty at fault in this action.

Dated:  August 13, 2015

Respectfully Submitted,

By: */s/Kevin S. Taylor*
    Kevin S. Taylor, Esq.
    Kyle Seedorf, Esq.
    John M. Roche, Esq.
    Taylor | Anderson, LLP
    1670 Broadway, Suite 900
    Denver, CO  80202
    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on August 13, 2015, a true and correct copy of the foregoing was served by email via the CM/ECF system, upon the following:

KEATING WAGNER POLIDORI & FREE, P.C.
Christina M. Habas, Esq.
Michael O'Brien Keating, Esq.
Deirdre E. Ostrowski, Esq.
1290 Broadway, Suite 600
Denver, CO 80203
Telephone:     (303) 534-0401
Facsimile:     (303) 534-8333
Email:  chabas@keatingwagner.com
            mkeating@keatingwagner.com
            deo@keatingwagner.com
*Attorneys for Plaintiffs Joshua R. Nowlan, Brandon K. Axelrod, Denise Traynom, Zackary Golditch, Nick Gallup, Brooke Cowden, Kristian Cowden, Weston Cowden, Alleen Young*

THE SAWAYA LAW FIRM
Michael G. Sawaya, Esq.
Robert D. Wilhite, Esq.
Sandra L. Hagen, Esq.
1600 Ogden Street
Denver, CO 80218
Telephone:     (303) 839-1650
Facsimile:     (303) 832-7102
Email:  msawaya@sawayalaw.com
            rwilhite@sawayalaw.com
            shagen@sawayalaw.com
*Attorneys for Plaintiffs Evan Faris, Richele Hill, Dion Rosborough, Ryan Lumba, Tony Briscoe, Jon Boik, and Louis Duran*

MALMAN LAW FIRM, LLC
Jerome S. Malman, Esq.
44 Cook Street, Suite 700
Denver, CO 80206
Telephone:     (303) 733-7900
Facsimile:     (303) 777-7810
Email:  jsm@malmanlawfirm.com
*Attorneys for Plaintiffs Mary Theresa Hoover, Gregory and Rena Medek, Jerri Jackson, Ian Sullivan, Kathleen and Scott Larimer*

DAVIDOVICH LAW FIRM, LLC
Nathan Davidovich
3773 East Cherry Creek North Drive, Suite 575
Denver, CO 80209-3825
Telephone:     (303) 825-5529
Facsimile:     (303) 265-9797
Email:  nathandavidovich@talk-law.com
*Attorneys for Plaintiffs Chichi Spruel, Derick Spruel, Munirih F. Gravelly*

SHAUN KAUFMAN LAW, P.C.
Shaun C. Kaufman, Esq.
1775 Sherman Street, Suite 1650
Denver, CO 80203
Telephone:     (720) 435-4686
Facsimile:     (303) 532-1053
Email:  shaunkaufmanlaw@gmail.com
*Attorneys for Plaintiffs Lynn Johnson and Machael Sweeney*

BOGUE, PAOLI & THOMAS, LLC
Fred F. Paoli, Jr., Esq.
Matthew R. Laird, Esq.
1401 17th Street, Suite 320
Denver, CO  80202
Telephone:  (303) 382-1990
Facsimile:  (303) 382-1982
Email:  fpaoli@bridgeband.com
         MLaird@bogue-paoli.com
*Attorney for Jarell N. Brooks*

HILLYARD, WAHLBERG, KUDLA, SLOANE & WOODRUFF, L.L.P.
Thomas G. Tasker, Esq.
4601 DTC Boulevard, Suite 950
Denver, CO  80237
Telephone:  (303) 571-5302
Facsimile:  (303) 571-1806
Email: tom@denvertriallawyers.com
*Attorneys for Ashley Moser*

DANIEL J. CAPLIS, P.C.
Daniel J. Caplis, Esq.
4601 DTC Boulevard, Suite 950
Denver, CO  80237
Telephone:  (303) 770-5551
Facsimile:  (303) 770-5552
Email: djc@caplislaw.com
*Attorneys for Ashley Moser*

HOCHSTADT, STRAW & SILVERMAN, P.C.
Andrew D. Silverman, Esq.
950 South Cherry Street, Suite 300
Denver, CO  80246
Telephone:  (303) 329-9222
Facsimile:  (303) 333-7127
Email: andy@hssspc.com
*Attorneys for Stefan Moton*

SILVER & DEBOSKEY, P.C.
Richard S. Strauss, Esq.
1801 York Street
Denver, CO  80206
Telephone:  (303) 399-3000
Email: straussr@s-d.com
*Attorneys for Stefan Moton*

HARDING & ASSOCIATES, P.C.
Phil L. Harding
730 17th Street, Suite 650
Denver, CO 80202
303-762-9500
Email:  phil@hlaw.org
*Attorney for Marcus Weaver*

LAUB & LAUB
Nicholus C. Palmer
630 East Plumb Lane
Reno, NV 89502
775-333-5282
Email:  nik@lawlaub.biz
*Attorney for Blunks*

GALLOWAY TRIGG, LLP
Robert Newton Trigg
1873 South Bellaire Street, Suite 1200
Denver, CO 80222
303-226-4759
Email:  bob@gtinjurylaw.com
*Attorney for Toews*

/s/ Amy Rock
Amy Rock