IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-02517-RBJ-MEH
JOSHUA R. NOWLAN,
Plaintiff,
v.
CINEMARK HOLDINGS, INC.,
CINEMARK USA, INC., and
CENTURY THEATERS, INC.,
Defendants.
_____

Civil Action No. 12-cv-02687-RBJ-MEH
DION ROSBOROUGH,
TONY BRISCOE,
JON BOIK, next friend of Alexander Boik,
EVAN FARIS,
RICHELE HILL, and
DAVID WILLIAMS,
Plaintiffs,
v.
CINEMARK HOLDINGS, INC.,
CINEMARK USA, INC., and
CENTURY THEATERS, INC.,
Defendants.
_____

Civil Action No. 13-cv-00046-RBJ-MEH
MUNIRIH F. GRAVELLY,
Plaintiff,
v.
CINEMARK HOLDINGS, INC.,
CINEMARK USA, INC., and
CENTURY THEATERS, INC.,
Defendants.
_____

Civil Action No. 13-cv-01995-RBJ-MEH
ASHLEY MOSER,
Plaintiff,
v.
CINEMARK HOLDINGS, INC.,
CINEMARK USA, INC., and
CENTURY THEATERS, INC.,

1

Defendants.
_____

Civil Action No. 13-cv-02988-RBJ-MEH
NICK GALLUP,
Plaintiff,
v.
CINEMARK HOLDINGS, INC.,
CINEMARK USA, INC., and
CENTURY THEATERS, INC.,
Defendants.
_____

Civil Action No. 13-cv-03316-RBJ-MEH
STEFAN MOTON,
Plaintiff,
v.
CINEMARK HOLDINGS, INC.,
CINEMARK USA, INC., and
CENTURY THEATERS, INC.,
Defendants.
_____

Civil Action No. 14-cv-01923-RBJ-MEH
CHANTEL L. BLUNK,
MAXIMUS T. BLUNK, and
HAILEY M. BLUNK,
Plaintiffs,
v.
CINEMARK HOLDINGS, INC.,
CINEMARK USA, INC., and
CENTURY THEATERS, INC.,
Defendants.
_____

Civil Action No. 14-cv-01976-RBJ-MEH
JAMISON TOEWS
Plaintiff,
v.
CINEMARK HOLDINGS, INC.,
CINEMARK USA, INC., and
CENTURY THEATERS, INC.,

Defendants.

# ORDER

These cases[1] are before the Court on a motion for summary judgment [ECF No. 321] filed by defendants Cinemark Holdings, Cinemark USA, and Century Theaters. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332. For the following reasons, the motion is granted.

## BACKGROUND

This is the third dispositive motion the Court has considered in this case. The previous two orders thoroughly outlined the factual background. *See* ECF Nos. 49, 245. The Court incorporates the facts by reference and does not repeat the details here. This case arises from the horribly tragic mass shooting at the Century Aurora 16 theater complex in Aurora, Colorado on July 20, 2012 where James Holmes killed 12 individuals and wounded many others. The plaintiffs are individuals who were injured and survivors of those who were killed. Defendants Cinemark, USA and Century Theatres, Inc. are wholly owned subsidiaries of defendant Cinemark Holdings, Inc., and the Court refers to them collectively as "Cinemark" or "defendants."

The Colorado Premises Liability Act governs plaintiffs' claim. This statute establishes the possible liability of a landowner when someone is injured on his property "by reason of the condition of such property, or activities conducted or circumstances existing on the property." C.R.S. § 13–21–115(2). A movie-theater patron is considered an "invitee" who "may recover for damages *caused* by the landowner's unreasonable failure to exercise reasonable care to protect

---

[1] The cases have been consolidated such that all filings can be found in the docket for the lowest numbered case: 12-cv-02514-RBJ-MEH. The plaintiffs in that earliest-filed case are no longer parties to this matter. However, all references to docket numbers are references to 12-cv-02514-RBJ-MEH.

against dangers of which he actually knew or should have known." C.R.S. § 13–21–115(3)(c)(I) (emphasis added).

Early on in this case, on October 18, 2012, defendants filed a motion to dismiss. Cinemark argued that plaintiffs' complaints failed to state a claim on which relief could be granted. ECF No. 15. On April 17, 2013 the Court denied that motion. When considering a motion to dismiss, the Court is required to accept plaintiffs' allegations of fact as true and construe inferences in their favor. Having done so, I agreed with United States Magistrate Judge Hegarty's recommendation and determined that plaintiffs had stated a claim. ECF No. 49.

After the parties had engaged in pre-trial discovery defendants filed their first motion for summary judgment on November 1, 2013. ECF No. 108. Defendants argued that Cinemark neither knew nor should have known of the danger of a mass shooting because the danger was unforeseeable as a matter of law. *Id.* at 2. On August 15, 2014 the Court denied the motion. ECF No. 245. The Court's order focused narrowly on whether a jury should decide if defendants knew or should have known of the danger on the premises. The Court expressly noted that it was "in no way holding as a matter of law that Cinemark should have known of the danger of someone entering one of its theaters through the back door and randomly shooting innocent patrons." *Id.* at 16. The Court held only that plaintiffs had presented enough evidence to create a genuine dispute of fact as to whether defendants knew or should have known of security risks, rendering the knowledge element of the claim a jury issue. *Id.* at 16–17. The Court reserved all other issues. *Id.* at 17.

Defendants now move for summary judgment on the element of causation. ECF No. 321 at 2. The pending motion poses the ultimate question of whether the Court should dismiss the case as a matter of law or whether the finder of fact should decide the issue of causation.

## SUMMARY JUDGMENT STANDARD

The purpose of a trial, whether by the court or a jury, is to resolve disputed issues of fact. Summary judgment simply means that the Court can decide the case, for either party, if there is no genuine dispute of fact that needs to be resolved at a trial. "Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) (quoting Fed. R. Civ. P. 56(c)).

When deciding a motion for summary judgment, the Court considers "the factual record, together with all reasonable inferences derived therefrom, in the light most favorable to the non-moving party . . . ." *Id.* The moving party has the burden of producing evidence showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In challenging such a showing, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## ANALYSIS

In Colorado, in order to prevail on a negligence theory the plaintiff must prove that the defendant's tortious actions were "a proximate cause of the plaintiff's injury." *City of Aurora v. Loveless*, 639 P.2d 1061, 1063 (Colo. 1981) (internal citations omitted). The duty of a landowner under the Colorado Premises Liability Act to exercise reasonable care to protect invitees against dangers of which he actually knew or should have known similarly requires proof of proximate cause. Proximate cause is often understood as the "legal cause" of an injury. *See Moore v. Western Forge Corp.*, 192 P.3d 427, 436 (Colo. App. 2007).

As part of the proximate cause inquiry, plaintiffs must prove that the alleged tortious conduct constitutes a "substantial factor" in producing the injury. *See North Colo. Medical Ctr. v. Comm. on Anticompetitive Conduct*, 914 P.2d 902, 908 (Colo. 1996) ("Colorado's proximate cause [law] is intended to ensure that casual and unsubstantial causes do not become actionable."). One factor "may have such a predominant effect" in causing the [harm] "as to make the effect of [another factor] insignificant and, therefore, to prevent it from being a substantial factor." *Smith v. State Compensation Ins. Fund*, 749 P.2d 462, 464 (Colo. App. 1987). While proximate cause is typically a question of fact reserved to the jury, the Court may conclude, as a matter of law, that such a predominant cause exists, and that there can be no other substantial factors.

Two of my colleagues have addressed the issue of proximate cause in mass-shooting cases where the defendant is an entity rather than the shooter. In two separate cases involving the Columbine High School shootings, Judge Babcock considered whether there could be another substantial factor in causing plaintiffs' injuries beyond the actions of the two assailants—Eric Harris and Dylan Klebold. First, in *Castaldo v. Stone*, plaintiffs sued the

6

Jefferson County School District, the Jefferson County Sheriff's Department, and various individuals associated with those entities. 92 F.Supp.2d 1124, 1133 (D. Colo. 2001). The court held that "Harris' and Klebold's actions on April 20, 1999 were the predominant, if not sole, cause of Plaintiffs' injuries." *Id.* at 1171. Later, in *Ireland v. Jefferson County Sheriff's Department*, the court dismissed plaintiffs' negligence claim against the organizer of a gun show at which Harris and Klebold purchased a shotgun. 193 F.Supp.2d 1201, 1231–32 (D. Colo. 2002). Mirroring the analysis in *Castaldo*, the court reasoned that "[e]ven if [the gun show organizer's] actions contributed in some way to Plaintiff's injuries," the shooters' actions "were the predominant, if not sole cause" of the injuries. *Id.* at 1232.

More recently, in *Phillips v. Lucky Gunner, LLC*, Judge Matsch addressed this issue in the context of the Holmes shootings. 84 F.Supp.3d 1216, 1228 (D. Colo. 2015). Plaintiffs sued various gun shops where Holmes had purchased ammunition and other equipment that he used in the mass shooting. *Id.* Plaintiffs' daughter died in the attack, and plaintiffs alleged, among other claims, that the gun-shop entities were liable on negligence grounds. *Id.* Judge Matsch dismissed the negligence claim, holding that, even if he were to find that defendants owed a duty of care, defendants' sales of ammunition and other items to Holmes did not proximately cause the plaintiffs' daughter's death. *Id.* The court reasoned:

> There can be no question that Holmes's deliberate, premeditated criminal acts were the predominant cause of plaintiffs' daughter's death. Holmes meticulously prepared for his crime, arriving at the theater equipped with multiple firearms, ammunition, and other gear allegedly purchased from several distinct business entities operating both online and through brick and mortar locations. Neither the web nor the face-to-face sales of ammunition and other products to Holmes can plausibly constitute a substantial factor causing the deaths and injuries in this theater shooting.

*Id.*

I agree with my colleagues' analysis of the proximate cause issue.  Here, plaintiffs claim that defendants failed to provide certain safety measures such as placing an alarm on the exit door or employing security officers on the evening in question.  Even if such omissions contributed in some way to the injuries and deaths, the Court finds that Holmes' premeditated and intentional actions were the predominant cause of plaintiffs' losses.  *See North Colo. Medical Ctr.*, 914 P.2d at 908 (if a "combination of reasons" could have produced the harm, but one such reason demonstrates prominence, then only the predominant cause can constitute a substantial factor "satisfying the proximate cause standard").  The Court concludes that a reasonable jury could not plausibly find that Cinemark's actions or inactions were a substantial factor in causing this tragedy.  Therefore, as a matter of law, defendants' conduct was not a proximate cause of plaintiffs' injuries.

## ORDER

For the reasons described above, the motion for summary judgment, ECF No. 321, is GRANTED.  These consolidated civil actions are hereby dismissed with prejudice.

DATED this 24th day of June, 2016.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge